# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LAURA LEE GREEN, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. SA-19-CV-360-XR |
| | § | |
| ALLSTATE FIRE AND CASUALTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| *Defendant.* | § | |

## ORDER

On this date, the Court considered Defendant's Partial Motion to Dismiss. This case stems from Plaintiff seeking to collect benefits from Defendant Allstate under her Underinsured Motorist ("UIM") Insurance policy after an accident with an allegedly underinsured motorist. After careful consideration, the Court DENIES Defendant's motion.

## BACKGROUND

According to the facts pled in the petition, which the Court accepts as true, on September 29, 2017, Plaintiff Laura Lee Green was driving a white Mazda 6 on the IH-35 service road near Toepperwein Road in Bexar County, Texas. Docket no. 1 at 2. Non-party Samantha Kaye Dorsey rear-ended Plaintiff while driving a gray Volkswagen Jetta, owned and entrusted by Shana Lynne Dorsey. *Id.* Plaintiff alleges that Samantha Kaye Dorsey negligently caused the accident by failing to maintain a proper speed, lookout, and safe distance and that Shana Lynne Dorsey negligently entrusted the vehicle. *Id.* Plaintiff further alleges that the accident caused her to sustain severe, disabling, and permanent injuries. *Id.* Plaintiff submitted an underinsured motorist claim to Defendant Allstate Fire and Casualty Insurance Company, but Defendant

1

allegedly failed to make an offer of settlement, provide a reasonable explanation of the basis for denying Plaintiff's claim, refused to affirm or deny coverage within a reasonable time, refused to pay Plaintiff's claim without conducting a proper investigation, and refused to pay or delayed in paying the claim after liability had become reasonably clear. *Id.* at 3.

First, Plaintiff asks this Court to determine the negligence of the underinsured motorist Samantha Kaye Dorsey, the respective rights and duties arising under the policy, and the valuation of damages incurred by Plaintiff through declaratory judgment (First Cause of Action). Second, Plaintiff brings claims against Defendant for breach of contract (Second Cause of Action) because Defendant's actions and/or omissions constituted breach or anticipatory breach pursuant to Texas statutory and common law. Third, Plaintiff brings claims against Defendant for the breach of good faith and fair dealing (Third Cause of Action) for Defendant's refusal to pay or delay in paying the claim to Plaintiff after third-party liability became reasonably clear and Defendant's malicious, intentional, fraudulent, and/or grossly negligent investigation and adjustment of the claims. Fourth, Plaintiff brings claims for statutory violations of the Texas Insurance Code Chapters 541 and 542 and Texas Administrative Code section 21.203(5) (Fourth Cause of Action).

Defendant Allstate moves for dismissal of Plaintiff's breach of contract (Second Cause of Action), common law bad faith (Third Cause of Action), and Texas Insurance Code violations (Fourth Cause of Action) claims on the basis that Plaintiff fails to state a claim for these causes of action. Docket no. 2 at 1.

## DISCUSSION

I. **Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) allows the dismissal of a complaint for the "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a plaintiff's complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the complaint does not need to contain detailed factual allegations, it must contain enough factual allegations to "raise a right to relief above a speculative level." *Twombly*, 550 U.S. 544, 555 (2007). The plaintiff has an obligation to present more than labels, conclusions, and formulaic recitations of the elements to avoid dismissal. *Id.* However, the court does not accept conclusory allegations or unwarranted deductions of fact as true. *Tuchman v. DSC Commc'ns. Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

II. **Breach of Contract Claim (Second Cause of Action)**

Plaintiff brings a breach of contract claim (Second Cause of Action) against Defendant for the alleged failure to pay benefits owed despite meeting all conditions precedent for those benefits. Docket no. 1 at 3. Defendant states that Plaintiff's breach of contract claim should be dismissed because Plaintiff has failed to state any legal entitlement to UIM benefits. Docket no. 2 at 3. Defendant argues that the insured is not entitled to receive underinsured motorist insurance benefits until there is a judgment establishing liability of the UIM and damages for the accident. *Id.*

UIM insurance "protects insureds who are legally entitled to recover from owners or operators of uninsured or underinsured motor vehicles." TEX. INS. CODE ANN. § 1952.101(a). In order for a policy beneficiary of UIM insurance to recover benefits, the insured must show "(1) that the insured has underinsured motorist coverage, (2) that the underinsured motorist negligently caused the accident that resulted in the covered damages, (3) the amount of the insured's damages, and (4) that the underinsured motorist's insurance coverage is deficient." *In re Liberty Cty. Mut. Ins. Co.*, 537 S.W.3d 214, 220 (Tex. App.—Houston [1st Dist.] 2017, orig. proc.). UIM insurance establishes an arrangement for benefits to be "conditioned upon the insured's legal entitlement to receive damages from a third party." *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006).

Unlike first-party insurance contracts, tort law is used to determine the contractual obligation to pay damages for UIM insurance rather than the policy alone. *In re Perry*, No. 13-18-00676-CV, 2019 WL 1723509, at *4 (citing TEX. INS. CODE ANN. § 1952.105–08). Both filing suit against a UIM insurer and demanding benefits are insufficient to trigger a UIM insurer's duty to pay. *Brainard*, 216 S.W.3d at 818. Thus, the insurer's duty does not arise until the liability of the third party and damages are determined. *Id.* According to the Supreme Court of Texas, neither a settlement between the insured and tortfeasor nor an admission of liability from the tortfeasor establish coverage under UIM insurance because "a jury could find that the other motorist was not at fault or award damages that do not exceed the tortfeasor's liability insurance." *Id.* (citing *Henson v. S. Farm Bureau Casualty Ins. Co.*, 17 S.W.3d 652, 653 (Tex. 2000)).

However, based on other language in *Brainard*, this language can only mean that settlement or an admission of liability alone is not sufficient to establish the insurer's duty to

4

pay. The opinion states, "the insured is not required to obtain a judgment against the tortfeasor" and "[t]he insured may settle with the tortfeasor . . . and then litigate UIM coverage with the insurer." *Id.* This clearly indicates that an insured can litigate the issue of UIM coverage with the insurer without first obtaining a judgment against the tortfeasor. How the issue of UIM coverage is litigated is unsettled, however.

Despite the fact that the insurer's breach of contract cannot occur until a plaintiff establishes legal entitlement to UIM benefits under the contract through a judgment of liability and damages against the tortfeasor, at least one court has stated that the statute of limitations begins to run on the breach-of-contract claim on the date the insurer denies the claim. *Allstate Ins. Co. v. Jordan*, 503 S.W.3d 450, 456 n.7 (Tex. App.—Texarkana 2016, no pet.). In addition, although in this case Allstate moves for dismissal of Plaintiff's breach-of-contract claim but not Plaintiff's declaratory judgment claim, in a case pending before the Fourth Court of Appeals, Allstate has argued that "the Uniform Declaratory Judgments Act is not a proper cause of action for recovery of uninsured/underinsured motorist benefits" and "an insured can file suit on this unique [UIM insurance] contract and establish what they are legally entitled to recover." *Allstate Ins. Co. v. Irwin*, 04-18-00293-CV (Appellant's Brief). Allstate similarly argued in *Allstate Insurance Co. v. Jordan* before the Texarkana Court of Appeals that "the proper cause of action for recovery of UIM benefits is breach of contract." 503 S.W.3d at 455.

As the Court of Appeals in *Jordan* noted, the *Brainard* opinion "does not clarify what causes of action may be brought in order to settle the liability and damages issues in the UIM litigation context." *Jordan*, 503 S.W.3d at 456. Thus, the prudent course at this time is to allow the Plaintiff to proceed under both the UDJA and a breach-of-contract theory while establishing the required underlying tort elements necessary for UIM coverage. Otherwise, she is at risk of

losing her remedy altogether based on the unsettled state of the law. Plaintiff has alleged a plausible claim for relief for breach of contract, and the motion to dismiss this claim is denied. Should this case proceed to summary judgment or trial, the Court will revisit the issue of which cause of action (or both) should proceed.

**III.     Extra-contractual Claims**

Plaintiff brings claims for common-law bad faith (Third Cause of Action). Docket no. 1-3 at 5. Plaintiff also alleges that Defendant violated Title 28 of the Texas Administrative Code section and Chapter 541 and 542 of the Texas Insurance Code (Fourth Cause of Action). *Id.* at 6. Defendant argues that these claims must be dismissed because Plaintiff fails to state a claim for relief due to the absence of a judgment on the breach of contract claim. Docket no. 2 at 7–9.

"An insured must first establish that the insurer is liable on the contract before the insured can recover on extra-contractual causes of action against an insurer for failing to pay or settle an underinsured motorist insurance claim." *In re Liberty Cty. Mut. Ins. Co.*, 537 S.W.3d at 220. Therefore, "extra-contractual claims must be severed and abated until the underinsured motorist breach of contract claim is determined." *Id.* (citing *In re Allstate Cty. Mut. Ins. Co.*, 447 S.W.3d 497 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *In re Progressive*, 439 S.W.3d 422 (Tex. App.—Houston [1st Dist.] 2014, no pet.)). This is based on the rationale that "extra-contractual claims can be rendered moot if the insured does not obtain a judgment against the uninsured or underinsured motorist." *In re Perry*, WL 1723509, at *4 (citing *In re State Farm Mut. Auto. Ins. Co.*, 553 S.W.3d 557, 564–65 (Tex. App.—San Antonio 2018, no pet.); *In re Liberty Cty. Mut. Ins. Co.*, 537 S.W.3d at 220–21; *In re Allstate Fire & Cas. Ins. Co.*, No. 12-17-00266-CV, 2017 WL 5167350, at *4 (Tex. App.—Tyler Nov. 8, 2017, no pet.) (mem. op.). *But see Hellstern v. Hartford Fire Ins. Co.*, No. 3:14-CV-0993-P, 2015 WL 11120978 (N.D. Tex. June 23, 2015)

(holding that judgment on the tortfeasor's liability or establishing the amount of UIM liability is not a condition precedent to stating a claim under Tex. Ins. Code § 541.060); *Fowler v. General Ins. Co. of Am.*, No. 3:14-CV-2596-G, 2014 WL 5879490, at *3 (N.D. Tex. Nov. 13, 2014) (an insurer's liability under § 541.060 can be "reasonably clear" prior to a judgment on the UIM factors) (both citing *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 880-81 (5th Cir. 2004)).

Generally, it is the decision of the trial court to abate a claim. *Fowler*, 2014 WL 5879490 at *4 ("It is within the court's discretion to decide whether a claim should be abated. Some courts abate extra-contractual UIM claims until they reach a judgment regarding liability because the success of such claims is largely contingent on this judgment."). A number of Texas appeals courts have "held that abatement of extra-contractual claims is required when . . . both parties would incur unnecessary expenses if the breach of contract claim were decided in the insurer's favor." *In re Am. Nat. Cty. Mut. Ins. Co.*, 384 S.W.3d 429, 437 (Tex. App.—Austin 2012, no pet.) (citing *U.S. Fire Ins. Co. v. Millard*, 847 S.W.2d 668, 673 (Tex. App.—Houston [1st Dist.] 1993, no writ)). And federal district courts have often abated extra-contractual claims pending resolution of the underlying UIM claim. *Stoyer v. State Farm Mut. Auto. Ins. Co.*, No. 3:08-CV-1376-K, 2009 WL 464971, at *3 (N.D. Tex. Feb. 24, 2009) (citing cases).

The Court finds that the extra-contractual claims in this case should be abated. The Court sees no need to officially sever these claims at this time, but may do so at a later time if warranted. The parties should be prepared to address whether continued abatement and/or severance is warranted at the status conference.

## CONCLUSION

Defendant's Partial Motion to Dismiss Plaintiff's second, third, and fourth causes of action (docket no. 2) is DENIED. Plaintiff's extra-contractual claims are abated until the prerequisites for UIM insurance benefits are established.

It is SO ORDERED.

SIGNED this 1st day of July, 2019.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE